IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| 611 CARPENTER LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-823-DII |
| | § | |
| ATLANTIC CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**<u>ORDER</u>**

Before the Court is Defendant Atlantic Casualty Insurance Company's ("Atlantic") Opposed Rule 45 Motion To Compel Compliance With Third-Party Subpoenas. (Dkt. 30). Plaintiff 611 Carpenter LLC's ("Plaintiff") response to the motion is past due. *See* W.D. Tex. Loc. R. CV-7(d). Having reviewed the motion and the relevant law, the Court will grant it.

The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262 (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). A party seeking discovery may file a motion to compel after conferring in good faith to secure that discovery without court action. Fed. R. Civ. P. 37(a).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Hobbs v. Petroplex Pipe & Constr., Inc.*, No. MO:17-CV-00030-DC, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (stating that the party resisting discovery has the burden to "specifically object") (citing *McLeod*, 894 F.2d at 1485).

The Court will grant Atlantic's motion to compel. First, the Court finds that the documents Atlantic seeks through its third-party subpoenas are relevant and proportional to the needs of the case. The Federal Rules of Civil Procedure permit the discovery "of any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Atlantic seeks the following documents through its third-party subpoenas:

> Any and all documents (whether typed, handwritten, or computer-generated) in your possession, including all claim documentation, regarding the property and physical structure at 611 Carpenter Avenue, Austin, Texas 78753, including but not limited to inspection reports, evaluations, analyses, photographs, repair or maintenance documents, insurance documents, leases or subleases to units of the property and correspondence with 611 Carpenter, LLC, Giby Parackal, or any representative or owner of the property and physical structure at 611 Carpenter Avenue, Austin, Texas 78753. This request is limited to the time period between January 1, 2012 to the date you receive this request.

(Ex. 11, Dkt. 30-11). Plaintiff owns commercial property at 611 Carpenter Avenue, Austin, Texas 78753 (the "Property"). (Pl.'s Original Pet., Dkt. 1-1, ¶ 7). Plaintiff alleges that it suffered $221,520.73 in damages to the Property and submitted an insurance claim (Claim No. 01-TX-

002626) to Atlantic. (*Id.* ¶¶ 10, 16). Atlantic issued six third-party subpoenas to third-party entities owned, controlled, or managed by the owner/manager of Plaintiff, Giby Parackal. (Mot., Dkt. 30, at 1). Atlantic believes that the third-party entities "all have documents and/or information relevant to [this case], including but not limited to, the condition of the Property, repairs/renovations to the Property, and the use of the insurance proceeds that are the subject of this lawsuit." (*Id.* at 2). Accordingly, Atlantic seeks relevant and proportional documents through its third-party subpoenas.

Second, the Court finds that the third-party entities have not borne their burden of substantiating their objections. The recipients of the third-party subpoenas have not objected to the scope of the subpoenas, some of which were served on November 7, 2023, (Ex. 7, Dkt. 30-7), and all of which were served on February 14, 2024, (Ex. 11, Dkt. 30-11; *see also* Ex. 13, Dkt. 30-13; Ex. 14, Dkt. 30-14). It is too late for Plaintiff or the third-party entities to now object to the third-party subpoenas. A person commanded to produce materials may resist such subpoena by timely serving objections or asserting privileges within 14 days after service of the subpoena. Fed. R. Civ. P. 45(d)(2)(B). A failure to file objections results in the waiver of the same unless there are unusual circumstances present or good cause is shown. *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D 39, 43 (N.D. Tex. 2015). Any objections to the third-party subpoenas were due, at latest, over two months ago, by February 28, 2024. Neither Plaintiff nor the third-party entities have filed a response—timely or not—in the intervening weeks. Accordingly, the Court finds that good cause exists to compel the third-party entities to respond to the third-party subpoenas.

For these reasons, Atlantic's Motion to Compel, (Dkt. 30), is **GRANTED**.

Accordingly, **IT IS ORDERED** that (1) PSG Builders and Developers, LLC; (2) PSG Investments of Texas, LLC; (3) PSG Investments LLC; (4) PSG Ppty Management LLC; (5) PSG Property Management LLC; and (6) Shekinah Global Media produce documents responsive to the

third-party subpoenas in Exhibit 11, (Dkt. 30-11), to Atlantic within 14 days of this order, by **May 14, 2024**.

All other relief not expressly granted to Atlantic is denied.

**SIGNED** on April 30, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE